Philip K. Houston, Plaintiff, *v.* James B. Coombs, Defendant.[*]

Supreme Court, New York County, April 29, 1929.

*Ferris, Shepard, Joyce & McCoy*, for the plaintiff.

*D. A. Buckley, Jr.*, for the defendant.

Cotillo, J. Defendant moves pursuant to rule 112 of the Rules of Civil Practice for an order dismissing the amended complaint

---

[*] See, also, 224 App. Div. 396.

upon the following grounds: (1) The amended complaint does not state facts sufficient to constitute a cause of action; (2) the amended complaint is insufficient in law on the face thereof; (3) it appears affirmatively from the allegations in the amended complaint that the plaintiff has not legal capacity to sue.

The action is based upon a certain syndicate agreement entered into between Potter Bros. & Co. and the West India Sugar Finance Corporation, as parties of the first part, referred to in the said agreement as managers, and certain other persons and corporations, including the defendant herein, who became parties to the contract and are referred to in the agreement as subscribers. The agreement was for the purchase of certain sugar plantations in South America, and the defendant as one of the subscribers agreed to furnish the sum of $250,000. The agreement contained the following provisions: " The managers shall have full power and authority to make any contract of indemnity or guarantee and to pledge any or all of the obligations of the subscribers hereunder therefor. The managers shall have full power and authority to make advances or to procure loans at such rates of interest and on such terms as they may deem best, and may secure the same for any such amounts and in any such manner as from time to time they may deem expedient, either by pledge of any or all the syndicate securities or any or all of the obligations of the subscribers hereunder or both, or in any other manner for any of the purposes of this agreement, and the syndicate managers in their discretion, without any proceedings either at law or in equity, in such manner and upon such terms as they shall deem expedient, may for the benefit of the syndicate, dispose of such participation hereunder or of any bonds or stock to which the subscribers might have been entitled, or of any interest or right of such subscriber or his transferee thereunder, or may provide for the sale of all or any part of said stock, bonds or other securities, or any other assets of the syndicate to any other corporation or corporations, syndicate or individuals upon the terms and conditions therein stated."

The complaint alleges the agreement and the signing of the agreement by the defendant, and also a partial payment of the indebtedness of the defendant to the syndicate, a demand upon the defendant for full payment, and a refusal by him. It further alleges a series of assignments from the managers of the syndicate to the plaintiff herein, and further alleges that in this assignment was the claim of the syndicate against the defendant for the unpaid balance of the subscription.

The main point in defendant's argument is based upon a distinction between the right to assign proceeds of claims and the

right to assign the claims themselves. The contract does not support this distinction. The plan authorizes the managers to assign " all of the syndicate assets, including all proceeds of any claims against defaulting subscribers." It did not intend to limit to the managers the right to liquidate the claims, merely authorizing their successors to turn over the proceeds of collections. The right to sue is not a personal one, and unless clearly limited, it will not be deemed non-assignable. The plaintiff, therefore, has legal capacity to sue under the assignment.

The motion to dismiss the complaint is denied.